LETTS, Judge.
The trial court held that a defendant doctor, allegedly negligent for failure to diagnose an ear condition, was entitled to a summary judgment because “as a matter of law there is no issue of material fact.” We reverse.
The patient, in opposing the motion for summary judgment, filed an affidavit which alleged:
1. That he had repeatedly complained to the defendant doctor about abnormal drainage from his ear.
2. That the defendant doctor had agreed to be his general treating physician saying “I’m the family doctor.”
3. That the defendant doctor had actually examined his ears and found them to be within normal limits.
In addition, an affidavit from a third party doctor stated that the defendant doctor’s performance, vis-a-vis the patient, fell below the accepted standard of care. Accordingly, we are of the opinion that genuine issues of material fact have been created.
We, therefore, reverse the trial court’s ruling and remand for further proceedings.
We do not address the question of whether the statute of limitations, as set forth in section 95.11(4)(b), Florida Statutes (1985), had run. It is clear from the Summary Final Judgment that the trial court did not base its ruling on this statute.
REVERSED AND REMANDED.
DOWNEY and GUNTHER, JJ., concur.